**Billy Gale NILES, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–95–288–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 3, 1996.

Pamela J. Moore, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, M. Susan Goggan, Assistant Criminal District Attorney, Brad Clark and Kurt Stallings, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CAYCE, C.J., and SHIRLEY W. BUTTS (Retired) and H. BRYAN POFF, Jr., JJ. (Sitting by Assignment).

715

## OPINION

H. BRYAN POFF, Jr., Justice (Assigned).

Appellant Billy Gale Niles was charged with aggravated assault with a deadly weapon. Pursuant to a plea bargain agreement, appellant entered a plea of guilty. Upon a recommendation by the State, the court deferred finding appellant guilty and placed appellant on probation for a period of seven years. Subsequent to being placed on probation, and while on probation, the State filed a motion to revoke appellant's probation and to proceed to adjudication. In its motion the State alleged that appellant had violated four separate provisions of his probation order.

A hearing was held on the State's motion to revoke and the court found that the appellant had violated his probation as alleged in the motion to revoke. The court revoked appellant's probation and proceeded to adjudicate appellant guilty of aggravated assault with a deadly weapon. Evidence was heard on both the motion to revoke and on the issue of punishment. The court assessed appellant's punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] In two points of error appellant contends that the court erred in assessing his punishment.[2]

■ We are without jurisdiction to consider appellant's points of error, for he has failed to comply with TEX. R. APP. P. 40, in that he failed to recite that "the trial court granted permission to appeal" or that the errors assigned on appeal "were raised by written motion and ruled on before trial."[3] TEX. R. APP. P. 40(b)(1); see also Watson v. State, 924 S.W.2d 711, 712 (Tex.Crim.App. 1996).

■ In Watson, the court of criminal appeals settled the debate as to whether a negotiated plea bargain for deferred adjudication and probation was to be governed by the rules governing appeals from negotiated pleas, or those rules governing appeals from an "open plea" to the court. Watson, 924 S.W.2d at 714. The court concluded that when a defendant bargains his plea of guilty, in return for the deferral of an adjudication, he is bound to accept the punishment assessed by the court if his probation is revoked. Id. The fruit of the bargain was the right to have the finding of guilt deferred, not the right to have a certain sentence imposed. As long as the punishment is set within the limit provided by law, the defendant has not been denied the benefit of the bargain.[4]

■ Appellant thus, had no right to complain on direct appeal that his punishment was excessive or that the evidence was insufficient to support the five-year sentence. Appellant's appeal is therefore dismissed for want of jurisdiction.

---

1. The range of punishment for aggravated assault with a deadly weapon is from two to twenty years' confinement. TEX. PENAL CODE ANN. §§ 22.02(b) & 12.33 (Vernon 1994).

2. Appellant contended in point of error one that the evidence was insufficient to sustain a sentence of five years. In point of error two, he contended that the court erred in considering the allegation that he drove a motor vehicle while his driver's license was suspended as a factor in assessing his punishment.

3. Clearly, appellant's complaints that the evidence was insufficient to support the sentence were not errors which were raised in writing and ruled upon before trial. There is no indication in the record that the trial judge wished to grant appellant the right to contest the correctness of the sentence assessed.

4. This is assuming that the prosecutor has made no recommendation as to what punishment should be assessed if the defendant's probation is revoked. If such a recommendation were made and the court imposed a more severe sentence, an appeal would be appropriate. Watson, 924 S.W.2d at 715. Such was not the fact in appellant's case.