**Curtis Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–469–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1998.

---

Cynthia Viol, Arlington, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Chief of Appellate Section, Sylvia Mandel, Jimmy Evans, Karen Lynn, Asst. Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Pursuant to TEX.R.APP. P. 50, we have reconsidered our prior opinion upon the appellant's petition for discretionary review. Our opinion and judgment of December 18, 1997 are withdrawn and the following are substituted.

A grand jury indicted appellant for the offense of aggravated robbery with a deadly weapon. Under a plea agreement, appellant pleaded guilty to the lesser included offense of robbery by threat. The trial court followed the plea bargain agreement, found the evidence supported appellant's guilty plea, and placed appellant on deferred adjudication community supervision for a five-year term. Appellant violated the terms of his community supervision and the trial court proceeded to adjudicate appellant's guilt and impose a sentence of ten years' confinement. Appellant raises one point alleging trial court error.

Appellant contends the trial court erred in failing to order a presentence investigation (psi) report before sentencing him. Article 42.12, section 9 of the Texas Code of Criminal Procedure provides that before a judge imposes a sentence in a felony case, the judge "shall direct a supervision officer" to prepare a psi report. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9 (Vernon Supp.1998). Appellant argues that the language of article 42.12, section 9 is mandatory and that the trial court's failure to comply with its provisions constitutes reversible error. We do not reach the merits of appellant's claim because we are without jurisdiction over this appeal.

When a defendant enters a negotiated plea of guilty, and the punishment assessed does not exceed the punishment recommended by the prosecutor, the defendant's right to appeal is governed by the notice provisions governing appeals from

convictions based on negotiated pleas contained in Tex.R.App. P. 25.2(b)(3), which require:

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty ... and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

*Id.*

In the present case, appellant negotiated a plea of guilty in exchange for deferred adjudication community supervision. When his community supervision was revoked, the trial court sentenced him within the agreed punishment range. *See* Tex. Penal Code Ann. § 12.33 (Vernon 1994). Therefore, in order to invoke this court's jurisdiction, appellant's notice of appeal was required to comply with the mandatory provisions of Rule 25.2(b)(3). *Cf. Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996) (applying former Rule 40(b)(1) to complaint arising from revocation of deferred adjudication). Because it does not, we are without jurisdiction to consider the merits of this appeal.

■ In his petition for discretionary review, appellant asserts that the notice provisions of former Tex.R.App. P. 40(b)(1) should govern, because that was the rule in effect on July 3, 1997, the date he filed his notice of appeal.[1] However, the Texas Court of Criminal Appeals has ordered that we apply the new appellate rules to cases perfected before September 1, 1997, unless to do so "would not be feasible or would work injustice." *Final Approval of Revisions to the Texas Rules of Appellate Procedure*, 60 Tex. B.J. 876 (Tex.Crim.App.1997). Appellant contends that it would be unjust to apply the new rule because the error complained of in this appeal occurred *after* the entry of his plea and, unlike Rule 25.2(b)(3), the special notice pro-

visions of former Rule 40(b)(1) expressly applies *only to appeals involving error that occurred "prior* to entry of the plea." Tex. R.App.P. 40(b)(1), 49 Tex. B.J. 566 (Tex.Crim. App.1986, amended 1997) (emphasis supplied). The court of criminal appeals, however, has held that Rule 40(b)(1) applies to errors occurring both before and *after* entry of the plea. In *Lyon v. State*, 872 S.W.2d 732 (Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994), the court said:

[W]e hold Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. *A defendant's "general" notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the "but" clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors.* A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues.

*Id.* at 736 (emphasis supplied) (citations omitted); *see Watson,* 924 S.W.2d at 714–15 (applying special notice provisions of Rule 40(b)(1) to error in revocation of deferred adjudication); *see also Niles v. State,* 931 S.W.2d 714, 715 (Tex.App.—Fort Worth 1996, no pet.) (same). We conclude, therefore, that application of Rule 25.2(b)(3) to this case would not deprive appellant of any rights he may have had under former Rule 40(b)(1) and, therefore, would not result in injustice to appellant.

■ Nor do we agree with appellant's contention that, because he is only appealing his *sentence,* compliance with Rule 25.2(b)(3) is unnecessary. Rule 25.2(b)(3) expressly applies to appeals from "judgments" rendered upon a plea of guilty. Tex.R.App. P. 25.2(b)(3). "The *sentence* is that part of the *judgment* ... that orders that the punish-

1. Rule 25.2(b)(3) became effective on September 1, 1997. *See* Tex.R.App. P. 25.

ment be carried into execution in the manner prescribed by law." TEX.CODE CRIM. PROC. ANN. art. 42.02 (Vernon Supp.1998) (emphasis supplied). Thus, like its predecessor, former Rule 40(b)(1), Rule 25.2(b)(3) applies to appeals contesting both the conviction and the sentence imposed in proceedings conducted pursuant to a negotiated guilty plea. *Cf. Watson*, 924 S.W.2d at 714–15 (applying Rule 40(b)(1) to complaint challenging sentence).

Accordingly, we dismiss the appeal for lack of jurisdiction.