Derek TRESSLER, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–98–355–CR.**

Court of Appeals of Texas,
Waco.

Feb. 24, 1999.

---

10. *Id.*

11. *Kennell v. Kennell,* 743 S.W.2d 299, 301 (Tex. App.—Houston [14th Dist.] 1987, no writ).

12. *Id.*

13. *Id.*

14. *Id.*

15. *Id.*

C.W. Robin Pearcy, Lockhart, for appellant.

B.J. Shepherd, Dist. Atty., Meridian, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

In 1993, Appellant Derek Tressler pleaded guilty to aggravated sexual assault of a child and indecency with a child. *See* TEX. PEN. CODE ANN. § 21.11(a)(1) (Vernon 1994), § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 1999). Pursuant to a plea agreement, the court placed Tressler on deferred adjudication probation for ten years on the aggravated sexual assault charge.[1] In August 1998, the State filed a motion to adjudicate Tressler's guilt. He pleaded true to the allegations of the motion in a hearing on December 1, and the court adjudicated him guilty of aggravated sexual assault and sentenced him to ten years' imprisonment. Tressler filed a general notice of appeal on December 8.

An appellant who has pleaded guilty in exchange for deferred adjudication probation must comply with appellate rule 25.2(b)(3) when he seeks to appeal a subsequent adjudication and sentencing. *See Watson v. State,* 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996) (applying former appellate rule 40(b)(1)); TEX.R.APP. P. 25.2(b)(3). Tressler's general notice of appeal does not comply with this rule. We notified him of this defect by letter dated January 27, 1999. *See* TEX.R.APP. P.

25.2(d). He has not responded to our letter by filing an amended notice of appeal in compliance with rule 25.2(b)(3).

Because Tressler's notice of appeal does not comply with rule 25.2(b)(3), we do not have jurisdiction over this appeal. *See Okigbo v. State,* 960 S.W.2d 923, 925 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd); *Carothers v. State,* 928 S.W.2d 315, 317 (Tex.App.—Beaumont 1996, pet. ref'd). Accordingly, we dismiss this appeal for want of jurisdiction.

---

1. The record is unclear on this point, but it appears that the State abandoned the indecency allegation because the deferred adjudication order refers only to the aggravated sexual assault charge.