IN THE
TENTH COURT OF APPEALS
 

No. 10-00-233-CR

Â Â Â Â Â Â Â Â DENISE RITA SIPPLE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Criminal Court at Law No. 13
Harris County, Texas
Trial Court # 0981972
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Denise Rita Sipple pled guilty, pursuant to a plea bargain, to driving while intoxicated. 
She was placed on community supervision for one year. The next day, Sipple filed a general
notice of appeal. We notified Sipple by letter that her notice of appeal did not comply with
Rule 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3). We offered her an opportunity to amend the
notice of appeal. Sipple responded with an amended notice of appeal which she filed with the
district clerk. We dismiss this appeal for want of jurisdiction.
Jurisdiction
Â Â Â Â Â Â Â Â Â Â Where a defendant pleads guilty or nolo contendere with the benefit of a plea bargain
agreement and the punishment assessed does not exceed the agreed punishment, a defendantâs
notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure. Tex. R. App. 25.2(b)(3). In this situation, a general
notice of appeal is insufficient to confer jurisdiction on a court of appeals. Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.
App. 1994) (both construing former appellate rule 40(b)(1)). 
Â Â Â Â Â Â Â Â Â Â We have construed Rule 25.2(b)(3) in the same manner; that is, compliance with the
rule is jurisdictional. See Tressler v. State, 986 S.W.2d 381 (Tex. App.âWaco 1999, no
pet.). Other courts of appeals have also accepted this construction. See Robinson v. State, 24
S.W.3d 438 (Tex. App.âHouston [1st Dist.] 2000, no pet.); Sherman v. State, 12 S.W.3d 487
(Tex. App.âDallas 1999, no pet.); Villanueva v. State, 977 S.W.2d 693 (Tex. App.âFort
Worth 1998, no pet.). Thus, if a notice of appeal does not comply with Rule 25.2(b)(3), we
do not have jurisdiction over the appeal. Tressler, 986 S.W.2d at 382. So well established is
the jurisdictional nature of the requirement of Rule 25.2(b)(3) that we ceased publishing cases
dismissed for failure to comply with the rule. See eg. Anderson v. State, No. 10-99-00192-CR
(Tex. App.âWaco August 2, 2000)(not designated for publication); Steffy v. State, No. 10-98-00-265-CR (Tex. App.âWaco April 21, 1999)(not designated for publication).
Â 

Merits of the Case
Â Â Â Â Â Â Â Â Â Â Defendants have frequently attempted to bypass the specific extra-notice requirements
by utilizing another rule to give the courts jurisdiction where it had not otherwise been
properly invoked. Just as many times, the Court of Criminal Appeals has stated that a court of
appeals cannot use another rule to create jurisdiction where none exists. Thus, the Court of
Criminal Appeals has made it clear that the courts of appeals cannot use other rules such as the
new Rule 2, former Rule 2(b) or former Rule 83 to consider the merits of an appeal where the
notice of appeal was untimely. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998);
Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996). The Court has also held that the
courts of appeals cannot use former Rule 83 to permit an out of time amendment of a notice of
appeal. Jones v. State, 796 S.W.2d 183 (Tex. Crim. App. 1990).
Â Â Â Â Â Â Â Â Â Â In 1997, a provision was added to the new rules of appellate procedure that allows for
amendments of a notice of appeal. Rule 25.2(d) provides:
An amended notice of appeal correcting a defect or omission in an earlier
filed notice may be filed in the appellate court at any time before the appellantâs
brief is filed. The amended notice is subject to being struck for cause on the
motion of any party affected by the amended notice. After the appellantâs brief
is filed, the notice may be amended only on leave of the appellate court and on
such terms as the court may prescribe.

Tex. R. App. P. 25.2(d). We attempted to craft a procedure under this rule to allow a
defendant to amend an otherwise defective notice of appeal if the defect was one that could be
cured. See Tressler, 986 S.W.2d at 382. However, the Court of Criminal Appeals has recently
construed this provision and reaffirmed that prior case law prevents a court of appeals from
using another appellate rule to create jurisdiction where none existed. State v. Riewe, 13
S.W.3d 408, 413 (Tex. Crim. App. 2000). The Court stated that it does not matter which rule
a court of appeals tries to use, former rules 2(b) or 83 or the current rule 25.2(d); the court
cannot create jurisdiction without a proper notice of appeal. Id. âThe point is that, once
jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain
jurisdiction.â Id. Although the Riewe appeal involved the Stateâs compliance with its own
extra-notice requirements, it appears that the Court wanted to settle the entire issue by stating,
âany amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.â Id. at
413-414. The Court has merely re-affirmed the method of invoking the jurisdiction of
appellate courts in plea bargained cases; it has not abridged, modified, or enlarged a
substantive right of the defendant. See eg. Villanueva, 977 S.W.2d at 696, n.7. Thus, the
portion of Tressler discussing the procedure to allow an amendment of a notice of appeal has
been disapproved and will no longer be followed.
Conclusion
Â Â Â Â Â Â Â Â Â Â Sippleâs general notice of appeal did not comply with Rule 25.2(b)(3). Even though
Sipple filed an amended notice of appeal after a letter from this Court, the time for perfecting
his appeal has elapsed and this jurisdictional defect could not be corrected. See Riewe, 13
S.W.3d at 413-14. Accordingly, we do not have jurisdiction over this appeal and dismiss it for
want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Â Â Â Â Â Â Â Â Â Â (Justice Vance dissenting)
Appeal dismissed
Opinion delivered and filed November 8, 2000
Do not publish



95, (Tex. App.Waco July 7, 2004, orig. proceeding).Â  Discount Rental petitioned the Texas Supreme
Court for a writ of mandamus.Â  That
petition was also denied without an opinion which elaborated upon the reason
for the denial.Â  Carter v. Disc. Rental, Inc., No. 04-0571, 2004 Tex. LEXIS 829 (Tex. Sept. 10, 2004).

Â Â Â Â Â Â Â Â Â  Because
this Court granted a temporary stay, the original sale date had passed and was
not rescheduled until after the Supreme Court denied the petition for writ of
mandamus.Â  The basis for the Supreme
CourtÂs denial is not clear.Â  It could
have been because there was not then pending an order to go forward with the
forced sale, or because Discount Renal had not otherwise shown the need for a
writ of mandamus, or for some other reason.

Â Â Â Â Â Â Â Â Â  The
trial court has now rendered another order regarding the sale of the property
and refused to order that it be returned as required by Civil Practice and
Remedies Code Â§ 34.021 if the judgment supporting an execution sale is set
aside and property has not been sold.

Â Â Â Â Â Â Â Â Â  Discount
Rental now seeks to stop the pending execution sale at auction of its property
when there is no judgment to support the forced sale.

Â Â Â Â Â Â Â Â Â  This
mandamus presents issues that are more complex than what appears at first
glance.Â  Just some of the questions are:

1.Â Â Â Â Â 
Is a
partyÂs agreement to an order the equivalent of a contract?

2.Â Â Â Â Â 
If there is
no Rule 11 agreement supporting the grounds upon which an order can be entered,
but a party agrees to the terms of the order, is that, alone, binding or can a
party revoke its agreement before the terms of the order are fulfilled?

Â 

3.Â Â Â Â Â 
Does the
fact that the Carters were entitled to execute on the property, and all the
parties were agreeing to the manner of conducting the sale and distribution of
the proceeds, as opposed to the sale itself, change any of the analysis for
answering the foregoing question?

Â 

4.Â Â Â Â Â 
If there is
no separate agreement, outside the agreement to the manner of conducting an
execution sale and distribution of the proceeds, does the reversal of the
judgment upon which the forced sale is to be conducted remove the courtÂs
authority to order the forced sale?

Â 

Ultimately there seem to be two questions to be
answered here:

1.Â Â Â Â Â 
Did
Discount Rental irrevocably agree to the sale such that the Carters are
entitled to compel specific enforcement of the sale without having to prevail
on a breach of contract claim?

Â 

2.Â Â Â Â Â 
Even if the
sale, after reversal of the judgment upon which it is based, is a wrongful
execution sale of the property, has Discount Rental shown that the remedy of a
suit for wrongful execution upon the property (because there is no judgment to
support the forced sale) is an inadequate remedy thus authorizing issuance of
the writ of mandamus?




Conclusion

Â 

Because Discount Rental has not shown that a
suit for wrongful levy of execution would be an inadequate remedy, if the sale
is conducted as scheduled, I concur in the denial of the motion for rehearing.

Â 

TOM GRAY

Chief Justice

Â 

Before Chief
Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and

Justice Reyna

Opinion
delivered and filed March 16, 2005

[CV06]