Carey Michael Craddock















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-231-CR

     CAREY MICHAEL CRADDOCK,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 230th District Court
Harris County, Texas
Trial Court # 697491
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Carey Michael Craddock pled guilty to burglary of a habitation, and pursuant to a plea
agreement, the trial court deferred an adjudication of guilt and placed him on community
supervision for seven years. Four years later, the State filed a motion to adjudicate Craddock’s
guilt and alleged two violations of his community supervision. After an uncontested hearing,
the court adjudicated Craddock’s guilt and sentenced him to seven years in prison. Craddock
filed a general notice of appeal. He has not filed a motion to amend his notice of appeal, and
we have not given him the opportunity to do so. We dismiss the appeal for want of
jurisdiction.
Jurisdiction
      Where a defendant pleads guilty or nolo contendere with the benefit of a plea bargain
agreement and the punishment assessed does not exceed the agreed punishment, a defendant’s
notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure. Tex. R. App. 25.2(b)(3). In this situation, a general
notice of appeal is insufficient to confer jurisdiction on a court of appeals. Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.
App. 1994) (both construing former appellate rule 40(b)(1)). This is also true if a defendant
bargained for and received deferred adjudication. Watson v. State, 924 S.W.2d 711, 714-715
(Tex. Crim. App. 1996).
      We have construed Rule 25.2(b)(3) in the same manner; that is, compliance with the rule
is jurisdictional. See Tressler v. State, 986 S.W.2d 381 (Tex. App.—Waco 1999, no pet.). 
Other courts of appeals have also accepted this construction. See Robinson v. State, 24
S.W.3d 438 (Tex. App.—Houston [1st Dist.] 2000, no pet.); Sherman v. State, 12 S.W.3d 487
(Tex. App.—Dallas 1999, no pet.); Villanueva v. State, 977 S.W.2d 693 (Tex. App.—Fort
Worth 1998, no pet.). Thus, if a notice of appeal does not comply with Rule 25.2(b)(3), we
do not have jurisdiction over the appeal. Tressler, 986 S.W.2d at 382. So well established is
the jurisdictional nature of the requirement of Rule 25.2(b)(3) that we ceased publishing cases
dismissed for failure to comply with the rule. See eg. Anderson v. State, No. 10-99-00192-CR
(Tex. App.—Waco August 2, 2000)(not designated for publication); Steffy v. State, No. 10-98-00-265-CR (Tex. App.—Waco April 21, 1999)(not designated for publication).
Merits of the Case
      Defendants have frequently attempted to bypass the specific extra-notice requirements by
utilizing another rule to give the courts jurisdiction where it had not otherwise been properly
invoked. Just as many times, the Court of Criminal Appeals has stated that a court of appeals
cannot use another rule to create jurisdiction where none exists. Thus, the Court of Criminal
Appeals has made it clear that the courts of appeals cannot use other rules such as the new Rule
2, former Rule 2(b) or former Rule 83 to consider the merits of an appeal where the notice of
appeal was untimely. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo v.
State, 918 S.W.2d 519 (Tex. Crim. App. 1996). The Court has also held that the courts of
appeals cannot use former Rule 83 to permit an out of time amendment of a notice of appeal. 
Jones v. State, 796 S.W.2d 183 (Tex. Crim. App. 1990).
      In 1997, a provision was added to the new rules of appellate procedure that allows for
amendments of a notice of appeal. Rule 25.2(d) provides:
An amended notice of appeal correcting a defect or omission in an earlier filed
notice may be filed in the appellate court at any time before the appellant’s brief is
filed. The amended notice is subject to being struck for cause on the motion of any
party affected by the amended notice. After the appellant’s brief is filed, the notice
may be amended only on leave of the appellate court and on such terms as the court
may prescribe.

Tex. R. App. P. 25.2(d). However, the Court of Criminal Appeals has recently construed this
provision and reaffirmed that prior case law prevents a court of appeals from using another
appellate rule to create jurisdiction where none existed. State v. Riewe, 13 S.W.3d 408, 413
(Tex. Crim. App. 2000). The Court stated that it does not matter which rule a court of appeals
tries to use, former rules 2(b) or 83 or the current rule 25.2(d); the court cannot create
jurisdiction without a proper notice of appeal. Id. “The point is that, once jurisdiction is lost,
the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.” Id. 
Although the Riewe appeal involved the State’s compliance with its own extra-notice
requirements, it appears that the Court wanted to settle the entire issue by stating, “any
amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.” Id. at 413-414. The Court has merely re-affirmed the method of invoking the jurisdiction of appellate
courts in plea bargained cases; it has not abridged, modified, or enlarged a substantive right of
the defendant. See eg. Villanueva, 977 S.W.2d at 696, n.7.
Conclusion
      Craddock’s general notice of appeal did not comply with Rule 25.2(b)(3). Even though
Craddock has not requested permission to amend his notice of appeal, the time for perfecting
his appeal has elapsed and this jurisdictional defect cannot now be corrected. See Riewe, 13
S.W.3d at 413-14. We acknowledge that we cannot utilize the procedure described in Tressler
to allow amendment of a notice of appeal. Tressler, 986 S.W.2d at 382. Accordingly, we do
not have jurisdiction over this appeal and dismiss it for want of jurisdiction.
 
                                                                   TOM GRAY
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Appeal dismissed
Opinion delivered and filed November 8, 2000
Publish