Louis SALGADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00861–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 2001.

Kenneth W. Smith, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for Appellee the State.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.[1]

### OPINION ON MOTION FOR REHEARING

PER CURIAM.

On September 21, 2000, we dismissed this appeal for lack of jurisdiction. *Salgado v. State*, No. 01–00–00861–CR, slip op. at 3, 2000 WL 1358101 (Tex.App.—Houston [1st Dist.] Sept. 21, 2000) (not designated for publication). After we granted a motion for extension of time, appellant filed a motion for rehearing. The motion for rehearing is denied. However, we withdraw our opinion of September 21, 2000, and issue the following opinion in its place.

Appellant pled guilty to indecency with a child on May 26, 1998. In accordance with the terms of a plea bargain agreement, the trial judge deferred adjudication of guilt and placed appellant on community supervision for 10 years. The State filed a motion to adjudicate guilt, and appellant entered a plea of true on June 7, 2000. The trial judge proceeded to find appellant guilty of indecency with a child and assessed punishment at confinement for 10 years.

■ Appellant filed a timely general notice of appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 25.2(b)(3). The requirements of Rule 25.2(b)(3) apply to an appeal from a judgment adjudicating guilt when, as in the present case, the State recommended deferred adjudication probation at the original plea. *See Watson v. State*, 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996); *Scott v. State*, 995 S.W.2d 325, 326 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Okigbo v. State*, 960 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd);

*Tressler v. State*, 986 S.W.2d 381, 382 (Tex. App.—Waco 1999, no pet.). Because the time for filing a proper notice of appeal has expired, appellant may not file an amended notice of appeal to correct jurisdictional defects. *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000). Therefore, we are without jurisdiction to consider complaints concerning adjudication of guilt.

■ Nor may we now consider any complaint concerning the original plea because those had to have been raised when deferred adjudication community supervision was first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999).

In a recent opinion, the Court of Criminal Appeals affirmed the Dallas Court of Appeals' decision that it had no jurisdiction over an appellant's post-adjudication claim that he was entitled to a new trial because the reporter's record from his original plea had been lost. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex.Crim.App.2000). Daniels had argued that the loss of the record prevented him from examining or challenging the voluntariness of his original plea or any rulings on pretrial motions. The Court of Criminal Appeals held:

> Pursuant to *Manuel*, the reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal any issues relating to the original deferred adjudication proceeding. The Court of Appeals, therefore, correctly decided that it had no jurisdiction over appellant's lost reporter's record claim.

*Id.*

■ We interpret *Daniels* to mean that the voluntariness of the original plea that resulted in deferment of a finding of guilt is not reviewable in a direct appeal taken after adjudication of guilt.

---

1. The Honorable Eric Andell, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Appellant cites this Court's opinions in *Davis v. State*, 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999, no pet.), and *Lopez v. State*, 25 S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.). In *Davis*, we held that we had jurisdiction to consider the voluntariness of a plea, notwithstanding the fact that only a general notice of appeal had been filed (*i.e.*, one not in compliance with Rule 25.2(b)(3)), and notwithstanding the fact that the trial court had not given permission for an appeal. *Davis*, 7 S.W.3d at 697. In *Lopez*, we held that we had jurisdiction to consider the voluntariness of the plea, as well as the trial court's jurisdiction, despite the fact that only a general notice of appeal had been filed. *Lopez*, 25 S.W.3d at 928.

Those cases are inapposite to the present appeal, however, because they concerned appeals taken directly from pleas of guilty, not appeals taken after revocation of probation following a deferred adjudication of guilt, as in this case. It is clear the trial court had jurisdiction in the present case. The present appeal is controlled by *Watson v. State, Manuel v. State,* and *State v. Riewe.*

We dismiss the appeal for lack of jurisdiction.