Opinion issued July 10, 2003

 





 






  

 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00120-CR
____________
 
GARY ALLEN HUDEC, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 854590
 

 
 
MEMORANDUM OPINION
          Gary Allen Hudec,


 appellant, pleaded guilty to the offense of aggravated
assault, and, pursuant to a plea bargain, the trial court deferred adjudication of guilt
and placed appellant on community supervision for five years. On October 15, 2001,
the State filed a motion to adjudicate guilt alleging that appellant violated the
conditions of his community supervision. On October 25, 2001, the trial court
conducted an evidentiary hearing on the motion to adjudicate and found appellant
guilty of the offense of aggravated assault. At the punishment hearing, appellant was
sentenced to 15 years confinement in prison.
          Appointed counsel for appellant filed a brief stating that, in his opinion, the
appeal is frivolous. The brief meets the minimum requirements of Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for error on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969).
          Counsel has certified that a copy of the brief was delivered to appellant and
appellant was advised he had a right to file a pro se response. Appellant has filed a
pro se response.
          In five points of error, appellant alleges that, due to his counsel’s
ineffectiveness, appellant’s plea of true to the first paragraph in the State’s motion to
adjudicate was involuntary, and the trial court erred in finding that appellant failed
to obtain employment; failed to pay fees, fines, and restitution; failed to timely obtain
an offender identification card; and failed to comply with conditions of his
community service. All of appellant’s alleged complaints occurred during the State’s
motion to adjudicate guilt.
          Appellant cannot appeal the trial court’s determination to adjudicate guilt. See
Tex. Code Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp. 2003); Kirtley v. State,
56 S.W.3d 48, 50 (Tex. Crim. App. 2001); Salgado v. State, 36 S.W.3d 911, 912
(Tex. App.—Houston [1st Dist.] 2001, no pet.).
Conclusion
          We affirm the trial court’s judgment.
          We also grant counsel’s motion to withdraw. See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that counsel still
has a duty to inform appellant of the result of this appeal and also to inform appellant
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).


                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).