COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-386-CR
 
KATREECE VONSHAE FORD                                                   APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
367TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Katreece Vonshae Ford appeals from the trial court’s judgment 
adjudicating her guilty for the offense of assault on a public servant. We 
dismiss the appeal. 
        On July 2, 1998, pursuant to a plea bargain agreement, appellant pleaded 
guilty to the offense of assault on a public servant, and the trial court placed 
her on deferred adjudication community supervision for five years. 
Subsequently, the State filed a petition to proceed to an adjudication of guilt, 
alleging appellant had violated certain conditions of her community supervision. 
On September 23, 2002, after a hearing, the court adjudicated appellant guilty 
of the offense and assessed punishment at three years’ confinement. Following 
the adjudication hearing, appellant filed a general pro se notice of appeal. 
        On January 30, 2003, we sent a letter to Timothy Powers, appellant’s 
trial counsel, see Tex. R. App. P. 6.3, directing him to submit a letter brief 
identifying the issues or points to be raised on appeal and explaining why those 
issues or points warrant continuation of the appeal, notwithstanding the 
limitations of former rule 25.2(b)(3), which controls this appeal; rule 26.2(a); 
article 42.12, section 5(b); and Manuel v. State, 994 S.W.2d 658 (Tex. Crim. 
App. 1999). See former Tex. R. App. P. 25.2(b)(3), 948-949 S.W.2d (Tex. 
Cases) XCVI (1997, amended 2003) (version in effect at time appellant’s notice 
of appeal was due) (providing that in an appeal from a negotiated plea, the 
notice must specify that the appeal is for a jurisdictional defect, the substance 
of the appeal was raised by written motion and ruled on before trial, or that the 
trial court granted permission to appeal); id. 26.2(a)(1)-(2) (providing that a 
notice of appeal must be filed within 30 days, or within 90 days if a timely 
motion for new trial is filed, after the date sentence is imposed or suspended 
in open court); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 
2003) (providing that no appeal may be taken from trial court’s decision to 
proceed to an adjudication of guilt); Manuel, 994 S.W.2d at 661-62 (providing 
that defendant placed on deferred adjudication community supervision may 
raise issues relating to the original plea proceeding only in appeals taken when 
deferred adjudication is first imposed). We also advised appellant’s counsel that 
the notice of appeal may be amended at any time before the appellant’s brief 
is filed. See Bayless v. State, 91 S.W.3d 801, 803 (Tex. Crim. App. 2002). 
Appellant’s lead counsel responded on February 9, 2003, that he was unable 
to provide any grounds unrelated to appellant’s conviction or within the 
limitations of former rule 25.2(b)(3). 
        On March 12, 2003, William Barr was substituted as appellant’s lead 
counsel. Appellant’s new attorney did not respond to our January 30, 2003 
letter. We dismissed this appeal on May 8, 2003. 
        Because of confusion between appellant’s attorneys regarding who was 
representing her on appeal at the time of our inquiry, we granted appellant’s 
motion for rehearing, withdrew our opinion, and ordered the new attorney to 
file a response to our January 30, 2003 letter. In the response, the new lead 
counsel claims that code of criminal procedure article 42.12, section 5(b), 
which prohibits an appeal from the adjudication of guilt, is unconstitutional 
because it violates appellant’s due process and equal protection rights. The 
new lead counsel also filed an amended notice of appeal, asserting that 
appellant intends to raise these constitutional challenges on appeal. 
        Rule 25.2 of the rules of appellate procedure states the substantive 
written requirements for notices of appeal in all criminal cases. These 
requirements apply equally to appeals from a judgment adjudicating guilt when 
the parties agreed to deferred adjudication community supervision pursuant to 
a plea bargain agreement at the original plea proceeding, and the appellant is 
later adjudicated guilty, unless she raises an issue or issues unrelated to her 
conviction. Tex. R. App. P. 25.2; Vidaurri v. State, 49 S.W.3d 880, 884-85 
(Tex. Crim. App. 2001); Salgado v. State, 36 S.W.3d 911, 912 (Tex. 
App.—Houston [1st Dist.] 2001, no pet.) (op. on reh’g); Hulshouser v. State, 
967 S.W.2d 866, 868 (Tex. App.—Fort Worth 1998, pet. ref’d, untimely filed) 
(applying former rule 40(b)(1)); Williams v. State, 962 S.W.2d 703, 704-05 
(Tex. App.—Fort Worth 1998, no pet.) (op. on PDR) (same). 
        In the instant case, appellant’s amended notice of appeal fails to comply 
with the mandatory requirements of former rule 25.2(b)(3). Furthermore, 
because of the prohibition in article 42.12, section 5(b) of the Texas Code of 
Criminal Procedure against a direct appeal of the determination to adjudicate 
guilt, this court lacks jurisdiction to consider appellant’s due process and equal 
protection claims. Trevino v. State, 962 S.W.2d 176, 177 (Tex. App.—Fort 
Worth 1998, pet. ref’d). Therefore, we dismiss the appeal. 
                                                          PER CURIAM 
 
PANEL D:   GARDNER, J,; CAYCE, C.J.; and WALKER, J. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED:  November 6, 2003