FORD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-386-CR

KATREECE VONSHAE FORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Katreece Vonshae Ford appeals from the trial court’s judgment adjudicating her guilty for the offense of assault on a public servant.  We dismiss the appeal.

On July 2, 1998, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of assault on a public servant, and the trial court placed her on deferred adjudication community supervision for five years. Subsequently, the State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of her community supervision.  On September 23, 2002, after a hearing, the court adjudicated appellant guilty of the offense and assessed punishment at three years’ confinement.  Following the adjudication hearing, appellant filed a general pro se notice of appeal. 

On January 30, 2003, we sent a letter to Timothy Powers, appellant’s trial counsel, 
see 
Tex. R. App. P.
 6.3, directing him to submit a letter brief identifying the issues or points to be raised on appeal and explaining why those issues or points warrant continuation of the appeal, notwithstanding the limitations of former rule 25.2(b)(3), which controls this appeal; rule 26.2(a); article 42.12, section 5(b); and 
Manuel v. State, 
994 S.W.2d 658 (Tex. Crim. App. 1999).  
See 
former 
Tex. R. App. P.
 25.2(b)(3)
, 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 2003) (version 
in effect at time appellant’s notice of appeal was due) (providing that in an appeal from a negotiated plea, the notice must specify that the appeal is for a jurisdictional defect, the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal); 
id. 
26.2(a)(1)-(2) (providing that a notice of appeal must be filed within 30 days, or within 90 days if a timely motion for new trial is filed, after the date sentence is imposed or suspended in open court);
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2003) (providing that no appeal may be taken from trial court’s decision to proceed to an adjudication of guilt); 
Manuel, 
994 S.W.2d at 661-62 (providing that defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed).  We also advised appellant’s counsel that the notice of appeal may be amended at any time before the appellant’s brief is filed.  
See Bayless v. State, 
91 S.W.3d 801, 803 (Tex. Crim. App. 2002).  Appellant’s lead counsel responded on February 9, 2003, that he was unable to provide any grounds unrelated to appellant’s conviction or within the limitations of former rule 25.2(b)(3).

On March 12, 2003, William Barr was substituted as appellant’s lead counsel.  Appellant’s new attorney did not respond to our January 30, 2003 letter.  We dismissed this appeal on May 8, 2003.  

Because of confusion between appellant’s attorneys regarding who was representing her on appeal at the time of our inquiry, we granted appellant’s motion for rehearing, withdrew our opinion, and ordered the new attorney to file a response to our January 30, 2003 letter.  In the response, the new lead counsel claims that code of criminal procedure article 42.12, section 5(b), which prohibits an appeal from the adjudication of guilt, is unconstitutional because it violates appellant’s due process and equal protection rights.  
The new lead counsel also filed an amended notice of appeal, asserting that appellant intends to raise these constitutional challenges on appeal.  
 
  

Rule 25.2 of the rules of appellate procedure states the substantive written requirements for notices of appeal in all criminal cases.  These requirements apply equally to appeals from a judgment adjudicating guilt when the parties agreed to deferred adjudication community supervision pursuant to a plea bargain agreement at the original plea proceeding, and the appellant is later adjudicated guilty, unless she raises an issue or issues unrelated to her conviction.  
Tex. R. App. P
.
 25.2
; Vidaurri v. State, 
49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001); 
Salgado v. State, 
36 S.W.3d 911, 912 (Tex. App.—Houston [1
st
 Dist.] 2001, no pet.) (op. on reh’g); 
Hulshouser v. State, 
967 S.W.2d 866, 868 (Tex. App.—Fort Worth 1998, pet. ref’d, untimely filed) (applying former rule 40(b)(1)); 
Williams v. State, 
962 S.W.2d 703, 704-05 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR) (same).

In the instant case, appellant’s amended notice of appeal fails to comply with the mandatory requirements of former rule 25.2(b)(3).  Furthermore, because of the prohibition in article 42.12, section 5(b) of the Texas Code of Criminal Procedure against a direct appeal of the determination to adjudicate guilt, this court lacks jurisdiction to consider appellant’s due process and equal protection claims.  
Trevino v. State, 
962 S.W.2d 176, 177 (Tex. App.—Fort Worth 1998, pet. ref’d).  Therefore, we dismiss the appeal. 

PER CURIAM

PANEL D: GARDNER, J,; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  November 6, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.