Maurice Ramon WHITE, Appellant,

v.

STATE of Texas, Appellee.

No. 01-94-01032-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1995.

Rehearing Overruled Feb. 1, 1996.

Walter Pink, Houston, for appellant.

John B. Holmes, Jr., District Attorney, Alan Curry, Mark Vinson, Assistant District Attorneys, for appellee.

Before OLIVER–PARROTT, C.J., and TAFT and PRICE [1], JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant was charged by indictment with unlawfully, intentionally, and knowingly possessing with intent to deliver a controlled substance, namely cocaine, weighing less than 28 grams. After an adverse ruling at a motion to suppress hearing, appellant pled guilty to possession of a controlled substance. The judge assessed punishment at ten-years confinement pursuant to a plea bargain.

■ Appellant filed a "general" notice of appeal in which he complains of the trial court's failure to grant appellant's pretrial motion to suppress. The State argues that this Court is without jurisdiction to address this point of error because appellant's notice of appeal does not comply with the requirements of TEX.R.APP.P. 40(b)(1), which states in relevant part:

> Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15 Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall spec-

ify that those matters were raised by written motion and ruled on before trial[.] ...
TEX.R.APP.P. 40(b)(1).

■ In the instant case, the judgment was rendered on appellant's plea of guilty and the punishment agreed to by the defendant and his attorney did not exceed the recommended punishment. Appellant's notice of appeal did not specify that he was appealing matters which were raised by written motion and ruled on before trial nor did the appeal state that the court granted permission for the appeal. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994). Unfortunately, a "general" notice of appeal is insufficient to confer jurisdiction on this Court to review a trial court's ruling on a pretrial suppression based on a negotiated plea bargain. *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Jones v. State*, 796 S.W.2d 183 (Tex.Crim. App.1990); *Forcha v. State*, 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.); *Moreno v. State*, 866 S.W.2d 660 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

The prior sentence is prefaced with the word "unfortunately" because we see no useful purpose that is served by rule 40(b)(1). The harsh result mandated by rule 40(b)(1) is the denial of an appeal of an otherwise appealable matter, a written motion that was ruled on before trial. TEX.R.APP.P. 40(b)(1). The notice of appeal has but one purpose—to limit an appellant's right to appeal. Clearly, it makes no sense to render the "death penalty" sanction on appeal for an appellant's failure to do a useless act. *Moreno*, 866 S.W.2d at 664 (Cohen, J., dissenting).

We do not have jurisdiction to consider the denial of appellant's pretrial motion to suppress, but we urge the Court of Criminal Appeals to repeal the specificity requirement of rule 40(b)(1), or at least allow amendment under TEX.R.APP.P. 83.

We dismiss the appeal.

TAFT, Justice, concurring.

While I concur with the majority, reluctantly following the prevailing law in this

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

state, I write to proclaim that the prevailing law is wrong!

In *Davis v. State*, 870 S.W.2d 43 (Tex. Crim.App.1994), the Court of Criminal Appeals addressed the issue of whether the appellate rule concerning notice of appeal impermissibly gave a defendant a greater scope of appeal than the Legislature intended. *Id.* at 45. The court stated that it had replaced the former proviso of TEX.CODE CRIM.P.ANN. art. 44.02 (Vernon 1979 & Supp. 1995) with TEX.R.APP.P. 40(b)(1). *Davis*, 870 S.W.2d at 45–46. It pointed out that the Legislature, in delegating authority to the Court of Criminal Appeals to promulgate a comprehensive body of appellate rules in criminal cases, *expressly provided that these rules could not abridge, enlarge, or modify the substantive rights of a litigant. Id.* at 46. The court recognized that a defendant's legislatively granted right of appeal is a substantive right. *Id.* Finally, the court construed rule 40(b)(1) so that it conformed to the former proviso of article 44.02 thereby eliminating any possible conflict. *See id.*

The former proviso gave a defendant entering a plea of guilty pursuant to an agreement as to punishment the absolute right to appeal matters raised by written motion filed prior to trial:

> [B]efore the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney *may prosecute his appeal, he must have permission of the trial court,* **except on those matters which have been raised by written motion filed prior to trial.**

TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979) (former proviso) (emphasis added).[1]

Rule 40(b)(1) added the requirement that the notice of appeal shall specify that the matters were raised and ruled upon pretrial:

> [I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice* shall state that the trial court granted permission to appeal or **shall specify that those matters were raised by written motion and ruled on before trial.**

TEX.R.APP.P. 40(b)(1) (emphasis added).

Prior to the decision of the Court of Criminal Appeals in *Davis v. State*, this Court had addressed the identical issue raised in *Davis*. Refusing to follow the courts of appeals which had upheld rule 40(b)(1) even though it enlarged the scope of a defendant's appeal, this Court squarely held that rule 40(b)(1) impermissibly expanded the scope of a litigant's appeal and, instead of applying rule 40(b)(1), we enforced the prior law under the former proviso to article 44.02. *See Rhem v. State*, 846 S.W.2d 870, 873–74 (Tex.App.—Houston [1st Dist.] 1992), *aff'd*, 873 S.W.2d 383 (Tex.Crim.App.1994).[2]

Contrary to the situation in *Davis*, there is no way to construe the rule 40(b)(1) requirement that "the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial" so as to conform to the former proviso of article 44.02, which had no such requirement. The Court of Criminal Appeals exceeded its rule-making authority when it crafted a rule of appellate procedure which abridged the substantive right of a defendant appealing a pretrial matter after entering an agreed plea. It has compounded the error by enforcing the rule, thereby denying appeals in situations where a defendant previously had an unfettered right to appeal. *See, e.g., Lyon v.*

---

1. Act of August 30, 1965, 59th Leg., R.S. ch. 722, 1965 Tex.Gen.Laws 317, 511, *partially repealed by* Act of August 26, 1985, 69th Leg. R.S., ch. 685, § 4, 1986 Tex.Gen.Laws 2472, 2473 (current version at TEX.R.APP.P. 40(b)(1)).

2. The Court of Criminal Appeals reached the same result relying upon the rationale of *Davis* rather than the reasoning of this court in *Rhem*.

*State,* 872 S.W.2d 732, 736 (Tex.Crim.App. 1994).

It is up to the Court of Criminal Appeals to correct its own error. Until it does so, we are constrained to follow its error. The effect in the present case is to deny, or at least postpone, review of appellant's point of error challenging the trial court's ruling on appellant's motion to suppress evidence. The Court of Criminal Appeals prevents us from providing a speedy resolution of appellant's rightful appeal.

Principles of judicial restraint require that I be bound by precedent from the higher court, but they do not require that I be gagged. Protesting vigorously the failure of the Court of Criminal Appeals to provide the appellate rights which the Legislature intended, I concur for now in the dismissal of appellant's appeal.