**Akina Deshone ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–01397–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 1, 2000.

Rehearing Overruled Aug. 11, 2000.

Connie B. Williams, Houston, for Appellant.

Daniel P. Bradley, Anahuac, for State.

Panel consists of Justices MIRABAL, ANDELL, and DUGGAN.[1]

**OPINION**

MARGARET GARNER MIRABAL, Justice.

After the trial court overruled her motion to suppress, appellant, Akina Deshone Robinson, pled guilty to the felony offense of possession of marihuana, in an amount of two thousand pounds or less, but more than 50 pounds. In accordance with a plea bargain agreement, the court assessed punishment at confinement for ten years and a $2,500 fine. Appellant filed a brief asserting, in a sole point of error, that the trial court erred in overruling her motion to suppress. We dismiss the appeal for lack of jurisdiction.

 Perfection of appeal in criminal cases is addressed in rule 25.2 of the Texas

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Rules of Appellate Procedure. Rule 25.2(b)(3) provides:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under the Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice [of appeal] must:
>
> (A) specify that the appeal is for a jurisdictional defect;
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
>
> (C) state that the trial court granted permission to appeal.

Tex.R.App. P. 25.2(b)(3). Appellant filed a general notice of appeal that does not comply with rule 25.2(b)(3). Therefore, considering the sole point of error raised by appellant, unless appellant timely amended the notice of appeal to comply with rule 25.2(b)(3), we are without jurisdiction. *See Davis v. State*, 870 S.W.2d 43, 46–47 (Tex. Crim.App.1994); *White v. State*, 920 S.W.2d 675, 676 (Tex.App.—Houston [1st Dist.] 1995, no pet.).

 Under rule 25.2(d), an appellate court may grant leave of court allowing an appellant to amend its notice of appeal after the appellant's brief is filed. *See* Tex.R.App. P. 25.2(d). However, the Texas Court of Criminal Appeals stated recently that this rule does not permit an appellate court to grant a motion to amend if the amendments sought to be made to the notice of appeal are jurisdictional amendments. *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000). Once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. *Id.* at 413.

Here, the date of the trial court judgment was December 2, 1998. Appellant did not file a motion for new trial. Therefore, the deadline to file a notice of appeal was in January 1999. Appellant filed a general notice of appeal on December 2, 1998. It was not until May 16, 2000, after all briefs had been filed, that appellant filed her motion for leave to file an amended notice of appeal. We cannot allow such a late amendment. *See Riewe*, 13 S.W.3d at 412. Because we are without jurisdiction, we dismiss the appeal.