**Carey Michael CRADDOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–231–CR.**

Court of Appeals of Texas, Waco.

Nov. 8, 2000.

Baltazar Salazar, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Carey Michael Craddock pled guilty to burglary of a habitation, and pursuant to a plea agreement, the trial court deferred an adjudication of guilt and placed him on community supervision for seven years. Four years later, the State filed a motion to adjudicate Craddock's guilt and alleged two violations of his community supervision. After an uncontested hearing, the court adjudicated Craddock's guilt and sentenced him to seven years in prison. Craddock filed a general notice of appeal. He has not filed a motion to amend his notice of appeal, and we have not given him the opportunity to do so. We dismiss the appeal for want of jurisdiction.

## JURISDICTION

Where a defendant pleads guilty or nolo contendere with the benefit of a plea bargain agreement and the punishment assessed does not exceed the agreed punishment, a defendant's notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. TEX.R.APP. 25.2(b)(3). In this situation, a general no-

tice of appeal is insufficient to confer jurisdiction on a court of appeals. *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App. 1994); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994) (both construing former appellate rule 40(b)(1)). This is also true if a defendant bargained for and received deferred adjudication. *Watson v. State,* 924 S.W.2d 711, 714–715 (Tex.Crim. App.1996).

We have construed Rule 25.2(b)(3) in the same manner; that is, compliance with the rule is jurisdictional. *See Tressler v. State,* 986 S.W.2d 381 (Tex.App.—Waco 1999, no pet.). Other courts of appeals have also accepted this construction. *See Robinson v. State,* 24 S.W.3d 438 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Sherman v. State,* 12 S.W.3d 489 (Tex.App.—Dallas 1999, no pet.); *Villanueva v. State,* 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, no pet.). Thus, if a notice of appeal does not comply with Rule 25.2(b)(3), we do not have jurisdiction over the appeal. *Tressler,* 986 S.W.2d at 382. So well established is the jurisdictional nature of the requirement of Rule 25.2(b)(3) that we ceased publishing cases dismissed for failure to comply with the rule. *See e.g. Anderson v. State,* No. 10–99–00192–CR (Tex.App.—Waco August 2, 2000) (not designated for publication); *Steffy v. State,* No. 10–98–00–265–CR (Tex.App.—Waco April 21, 1999) (not designated for publication).

## MERITS OF THE CASE

Defendants have frequently attempted to bypass the specific extra-notice requirements by utilizing another rule to give the courts jurisdiction where it had not otherwise been properly invoked. Just as many times, the Court of Criminal Appeals has stated that a court of appeals cannot use another rule to create jurisdiction where none exists. Thus, the Court of Criminal Appeals has made it clear that the courts of appeals cannot use other rules such as the new Rule 2, former Rule 2(b) or former Rule 83 to consider the

merits of an appeal where the notice of appeal was untimely. *See Slaton v. State*, 981 S.W.2d 208 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App. 1996). The Court has also held that the courts of appeals cannot use former Rule 83 to permit an out of time amendment of a notice of appeal. *Jones v. State*, 796 S.W.2d 183 (Tex.Crim.App.1990).

 In 1997, a provision was added to the new rules of appellate procedure that allows for amendments of a notice of appeal. Rule 25.2(d) provides:

> An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

Tex.R.App.P. 25.2(d). However, the Court of Criminal Appeals has recently construed this provision and reaffirmed that prior case law prevents a court of appeals from using another appellate rule to create jurisdiction where none existed. *State v. Riewe*, 13 S.W.3d 408, 413 (Tex.Crim.App. 2000). The Court stated that it does not matter which rule a court of appeals tries to use, former rules 2(b) or 83 or the current rule 25.2(d); the court cannot create jurisdiction without a proper notice of appeal. *Id.* "The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction." *Id.* Although the *Riewe* appeal involved the State's compliance with its own extra-notice requirements, it appears that the Court wanted to settle the entire issue by stating, "any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments." *Id.* at 413–414. The Court has merely re-affirmed the method of invoking the jurisdiction of appellate courts in plea

bargained cases; it has not abridged, modified, or enlarged a substantive right of the defendant. *See eg. Villanueva*, 977 S.W.2d at 696, n. 7.

CONCLUSION

Craddock's general notice of appeal did not comply with Rule 25.2(b)(3). Even though Craddock has not requested permission to amend his notice of appeal, the time for perfecting his appeal has elapsed and this jurisdictional defect cannot now be corrected. *See Riewe*, 13 S.W.3d at 413–14. We acknowledge that we cannot utilize the procedure described in *Tressler* to allow amendment of a notice of appeal. *Tressler*, 986 S.W.2d at 382. Accordingly, we do not have jurisdiction over this appeal and dismiss it for want of jurisdiction.

Justice VANCE dissenting.

BILL VANCE, Justice, dissenting.

In an attempt to appeal from a conviction which followed a plea bargain, Carey Craddock filed a general notice of appeal. We recognized that his notice is inadequate, and without giving him the opportunity to amend the notice, the majority dismisses his appeal for want of jurisdiction. Under the Texas Rules of Appellate Procedure, he should be given the opportunity to file an amended notice. Tex. R.App.P. 25.2(d), 44.3.

The two relevant rules, Rule 25.2 and Rule 44.3, provide, in their entirety:

25.2. Criminal Cases

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the

notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

(c) *Clerk's Duties.* The trial court clerk must note on the copies of the notice of appeal the case number and the date when the notice was filed. The clerk must then immediately send one copy to the clerk of the appropriate court of appeals and one copy to the State's attorney.

(d) *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

(e) *Effect of Appeal.* Once the record has been filed in the appellate court, all further proceedings in the trial court— except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate.

* * *

44.3. Defects in Procedure

A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

*Id.*

Rather than follow the plain language of these Rules, the majority denies Craddock the opportunity to amend his notice and dismisses his appeal for want of jurisdiction on the basis of the Court of Criminal Appeals' decision in *State v. Riewe,* 13 S.W.3d 408 (Tex.Crim.App.2000). I disagree with the majority's reliance on *Riewe* because I have concluded that it does not apply to a defendant's attempt to amend his notice of appeal under Rule 25.2(d). *See id.;* TEX.R.APP.P. 25.2(d).

*Riewe* involves a State's appeal under article 44.01 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp. Pamph.2000); *Riewe,* 13 S.W.3d at 409. The time limit for the State's notice of appeal is established by the statutory provisions that confer the right to appeal on the State. TEX.CODE CRIM.PROC.ANN. art. 44.01(d); *State v. Muller,* 829 S.W.2d 805 (Tex.Crim.App.1992). In my view, the decision that the Rules of Appellate Procedure may not be used to modify the statutory time limit imposed on the State when it seeks to appeal a trial court's ruling has nothing to do with the question of whether those Rules may be used to allow a defendant to amend a notice of appeal whose contents and time requirements are set by those same Rules.[1] TEX.R.APP.P. 25.2, 26.2. To the

---

1. The issue before us, ultimately, is not statutory, unlike the issue in *Riewe,* which is explicitly based on an act of the Legislature. Before the Rules of Appellate Procedure were enacted there was *no* absolute statutory time limit on the filing of a defendant's notice of appeal. *See* Act of June 1, 1981, 67th Leg ., R.S., ch. 291, § 127, 1981 Tex. Gen. Laws 761, 814–15, *repealed by* April 10, 1986 Order Adopting Amendments to Rules of Posttrial, Appellate and Review Procedure in Criminal Cases, 707–708 S.W.2d (Texas Cases) xxx, xxxv (amending article 44.08 of the Code of Criminal Procedure to allow fifteen days to

extent *Riewe* may discuss whether a defendant may amend his notice of appeal, that discussion is dicta. *See Lester v. First American Bank,* 866 S.W.2d 361, 363 (Tex.App.—Waco 1993, writ denied).

Furthermore, the result that the majority reaches is counter to the goal of judicial efficiency. Rather than disposing of Craddock's appeal in one case, this decision ensures that it will take three proceedings and four courts to do so. This appeal is the first. In the second proceeding, Craddock will succeed on his habeas corpus application seeking an out-of-time appeal, which first must be filed in the trial court and then in the Court of Criminal Appeals. Tex.Code Crim.Proc.Ann. art. 11.07 (Vernon Supp.2000); *see Ex parte Axel,* 757 S.W.2d 369 (Tex.Crim.App.1988). His successful habeas corpus application will result in the filing of the third proceeding, the actual out-of-time appeal, in all probability in one of the Houston Courts of Appeals.

We could avoid this litigation-multiplying effect by harmonizing the application of the Rules of Appellate Procedure in civil and criminal proceedings. In other contexts, the Court of Criminal Appeals has specifically looked to civil cases for guidance on appellate matters. *See, e.g., Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000) ("Adoption of this complete standard allows us to remain true to one of the stated goals of *Clewis,* harmonization, when appropriate, of civil and criminal jurisprudence, and it recognizes the State's burden at a criminal trial is proof beyond a reasonable doubt.") (referring to *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996)); *Awadelkariem v. State,* 974 S.W.2d 721, 726–27 (Tex.Crim.App.1998). Under the Texas Supreme Court's interpretation of the Texas Rules of Appellate Procedure, an appellant's bona fide attempt to invoke the jurisdiction of the court of appeals is sufficient to establish the appellate court's jurisdiction over the cause. *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997); *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994). The same reasoning should be applied in criminal appeals.

Here, Craddock filed a general notice of appeal. Rule 44.3 specifically requires us to provide him the opportunity to correct the defect in his notice of appeal. Tex. R.App.P. 44.3. We should exercise our authority under Rule 25.2(d) and meet our duty under Rule 44.3, and give Craddock an opportunity to amend his notice.

Rule 25.2(d) was adopted less than two years ago. *Id.* 25.2(d). It appropriately *restored* the authority of a court of appeals to allow a defendant time to correct an otherwise timely notice of appeal.[2] We should follow the Rules of Appellate Procedure in this case, not *Riewe,* and allow Craddock the opportunity to amend his notice of appeal. The majority's application of *Riewe* to a defendant's appeal "creates a split between criminal and civil

file a notice of appeal after the overruling of a motion for new trial or, if no motion for new trial was filed, fifteen days after sentencing but also providing that "[f]or good cause shown, the court of appeals may permit the giving of notice of appeal after the expiration of such fifteen days"); *Castillo v. State,* 689 S.W.2d 443, 444–46 (Tex.Crim.App.1984). Thus, the absolute limit on the time in which a notice of appeal could be filed is found only in the Rules, not in the statutes which preceded the Rules. Because there were no absolute time limits on the court of appeals' discretion in granting permission to file an out-of-time-appeal, arguably the Rules of Appellate Procedure, if the majority is right, restrict the substantive rights of defendants to seek an appeal, contrary to the enabling legislation under which the Rules were enacted. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 1, Tex. Gen. Laws 2472 (authorizing the Court of Criminal Appeals to promulgate rules of posttrial and appellate procedure but denying it the authority to "abridge, enlarge, or modify the substantive rights of a litigant" by those rules); *see also Olivo v. State,* 918 S.W.2d 519 (Tex.Crim.App.1996); *Jones v. State,* 796 S.W.2d 183 (Tex.Crim.App.1990).

**2.** The authority to allow amendment of an otherwise timely notice of appeal would necessarily be included within the authority to allow the filing of a notice of appeal at any time "for good cause shown."

jurisprudence without a good reason for doing so." *Awadelkariem,* 974 S.W.2d at 726. In fact, this result flies in the face of a rule which, in the natural application of its plain language, would allow for the harmonization of the two procedures and which has effectively restored the authority of the court of appeals to allow a notice of appeal to be corrected after the expiration of the time for filing the notice. Tᴇx. R.Aᴘᴘ.P. 25.2(d). Because the majority takes this unwise course under the authority of an inapplicable opinion, I respectfully dissent.