Erick Leon BRADLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–01294–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 2001.

Tony Aninao, Houston, for Appellant.

Calvin Hartmann, Houston, for the State.

Panel consists of Justices WILSON, TAFT, and PRICE.[1]

## OPINION

TAFT, Justice.

Appellant, Erick Leon Bradley, was charged with engaging in organized criminal activity. Pursuant to a plea agreement with the State, appellant pled nolo contendere, and the trial court assessed punishment at eight years in prison. Appellant attempts to appeal the trial court's denial of his motion to quash the indictment, claiming this Court has jurisdiction to hear appellant's appeal based on an amended

1. The Honorable Frank C. Price, former justice, Court of appeals, First District of Texas as Houston, participating by assignment.

notice of appeal. We dismiss for want of jurisdiction.

## Procedural History

Appellant was sentenced on October 9, 2000 in accordance with the State's recommended punishment. On October 27, 2000, appellant filed his pro se notice of appeal. On November 15, 2000, appellant filed an amended notice of appeal.

## Jurisdiction

In his first point of error, appellant contends this court has jurisdiction to hear his appeal even though he waived his right to appeal. Appellant claims this Court has jurisdiction because he obtained the trial court's "written permission" to appeal.

### A. Amended Notice of Appeal

██ If the time for filing a proper notice of appeal has expired, an appellant may not file an amended notice of appeal to correct jurisdictional defects. *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000). Appellant's amended notice of appeal, filed outside the 30 day time limit, may not be considered by this Court. *Id.*

### B. Pro Se Notice of Appeal

██ If an appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under article 1.15 of the Code of Criminal Procedure, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must: (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state the trial court granted permission to appeal. Tex.R.App.P. 25.2(b)(3); *see Watson v. State*, 924 S.W.2d 711, 713 (Tex. Crim.App.1996); *Scott v. State*, 995 S.W.2d

325, 326 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

Appellant's original pro se notice of appeal was timely filed with the trial court. The original notice did not, however, conform to the standard set out in rule 25.2 and, thus, does not confer jurisdiction on this court to consider the appeal. Tex. R.App.P. 25.2(b)(3). We overrule appellant's first point of error. Therefore, we have no jurisdiction to address appellant's second point of error.

## Conclusion

We dismiss for want of jurisdiction.

Justice TAFT, concurring.

TAFT, Justice, concurring.

I agree we have no jurisdiction under prevailing law. I take this opportunity to complain, once again, about that prevailing law. See *White v. State*, 920 S.W.2d 675, 676–78 (Tex.App.—Houston [1st Dist.] 1995, no pet.) (Taft, J., concurring); *McLish v. State*, 916 S.W.2d 27, 29–31 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (Taft, J., concurring). My complaint has consistently been that the rule makers had no authority, by means of requirements added to the form for notice of appeal, to keep criminal defendants from appealing motions filed prior to trial, a right given by the legislature in the former *proviso* to article 44.02 of the Code of Criminal Procedure.

I believe my complaint was strengthened by the recent decision of the Court of Criminal Appeals in *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App.2001). While *Cooper* eliminated an enlargement of the scope of the right of appeal established in the former *proviso*, its reasoning applies with equal force to an abridgement of the right of appeal established by the former *proviso*. Modifications of the substantive

legal rights of both appellants and appellees should be uniformly prohibited.

Therefore, and once again, I urge the Court of Criminal Appeals to reconsider *Jones v. State*, 796 S.W.2d 183, 185–86 (Tex.Crim.App. 1990), to the extent it has held that appellate courts have no jurisdiction to consider matters raised by pretrial motion merely because those matters were not mentioned in the notice of appeal.

Unfortunately for appellant, however, even if we had jurisdiction, we would not address the merits of appellant's complaint regarding the trial court's denial of appellants' motion to quash. Appellant waived his right to appeal under circumstances in which he was aware of any error in the trial court's denial of the motion to quash. Therefore, we would overrule appellant's second point of error by holding that appellant waived his right to appeal. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex.Crim.App. 2000). Accordingly , I concur in the denial of any relief to appellant.