**Joseph Lee LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00073–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 20, 2001.

Decided Sept. 20, 2001.

Karen Barney, Houston, for appellant.

Calvin A. Hartmann, Harris County Dist. Attys. Office, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Joseph Lopez appeals from his conviction for indecency with a child. Lopez was convicted on his plea of guilty pursuant to a plea bargaining agreement, and sentenced in accordance with that agreement to ten years' imprisonment, to run concurrently with a sentence in another conviction. Lopez filed a general Notice of Appeal claiming that he did not understand the terms of the plea bargaining agreement and that his plea was thus not voluntary. Our appellate jurisdiction has been invoked by Lopez's timely Notice of Appeal, *see State v. Riewe,* 13 S.W.3d 408, 410 (Tex.Crim.App.2000), at least to the extent that we must determine if we have jurisdiction. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996).

TEX.R.APP. P. 25.2 states that in an appeal from a conviction pursuant to a plea bargaining agreement, the notice of appeal must specify that the substance of the appeal is for a jurisdictional defect, was raised by written motion and ruled on before trial, or state that the trial court granted permission to appeal. That rule limits the jurisdiction of this court to hear

only certain issues in the context of a plea bargaining agreement. *See Cooper v. State,* 45 S.W.3d 77, 83 (Tex.Crim.App. 2001).

Further, it has now been held that Rule 25.2(d) (concerning amendment of the notice of appeal) does not permit an appellant to amend his notice of appeal to correct jurisdictional defects after the time for perfecting the appeal has passed. *State v. Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000); *see Jones v. State,* 796 S.W.2d 183, 187 (Tex.Crim.App.1990).

■ In this case, the notice of appeal does not specify that the appeal is for a jurisdictional defect; it does not specify that the substance of the appeal was raised by written motion and ruled on before trial; it does not state that the trial court granted permission to appeal, and the time during which a notice of appeal could be amended to meet those requirements has expired. Therefore, the Notice of Appeal is not sufficient to confer jurisdiction on this court to consider the appeal on its merits. *See* Tex.R.App. P. 25.2(b)(3); *Whitt v. State,* 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet. h.); *Scott v. State,* 995 S.W.2d 325, 326 (Tex.App.— Houston [1st Dist.] 1999, no pet.); *Trollinger v. State,* 987 S.W.2d 166, 167 (Tex. App.—Dallas 1999, no pet.).

■ Further, although he states in his Notice of Appeal that his plea was involuntary, Rule 25.2(b) does not permit the voluntariness of a plea bargaining agreement to be raised on appeal. *Cooper v. State,* 45 S.W.3d 77. (See *Lenox v. State,* No. 06–00–00246–CR, 2001 WL 629615 (Tex. App.—Texarkana June 8, 2001, no pet. h.), where this court followed the *Cooper* case, but suggested that involuntary plea of guilty is not a valid plea of guilty that waives a right to appeal.)

Accordingly, we have no option available but to dismiss the appeal.

The appeal is dismissed for want of jurisdiction.