Gregory D. Swanks v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-399-CR

     GREGORY D. SWANKS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 01-02-16,956-CR
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Pursuant to a plea bargain, Gregory D. Swanks pled guilty to the felony offense of possession
of a controlled substance, namely Phencyclidine, in an amount less than one gram and in a drug
free zone. The trial court followed the plea bargain agreement, deferred an adjudication of guilt,
and placed Swanks on community supervision for five years. On the same day, Swanks filed a
general notice of appeal. We dismiss his appeal for want of jurisdiction.
      Where a defendant pleads guilty or nolo contendere with the benefit of a plea bargain
agreement and the punishment assessed does not exceed the agreed punishment, a defendant’s
notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the Texas
Rules of Appellate Procedure. Tex. R. App. P. 25.2(b)(3); White v. State, No.123-01 (Tex.
Crim. App. December 5, 2001); Craddock v. State, 32 S.W.3d 886, 887 (Tex. App.—Waco 2000,
no pet.). In this situation, a general notice of appeal is insufficient to confer jurisdiction on a court
of appeals. Id. This is also true if a defendant bargained for and received deferred adjudication. 
Watson v. State, 924 S.W.2d 711, 714-715 (Tex. Crim. App. 1996).
      Swank’s general notice of appeal does not comply with Rule 25.2(b)(3). The time for
perfecting his appeal has elapsed, and this jurisdictional defect cannot now be corrected. See
Riewe v. State, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000); Craddock, 32 S.W.3d at 888. 
Accordingly, we do not have jurisdiction over this appeal and dismiss it for want of jurisdiction.
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of jurisdiction
Opinion delivered and filed January 2, 2002
Do not publish
[CR25]



 
Section 3.53, having been enacted by the legislature, cannot be trumped by Rule 215, a rule
adopted by the Texas Supreme Court. Tex. Const. art. V, § 31 (Texas Supreme Court can
promulgate any rule of civil procedure as long as it is "not inconsistent with the laws of the state").
      I would hold that, although the court could strike Peggy's pleading as a sanction under Rule
215, it could not enter a default judgment against her without giving her notice of the hearing at
which the court would hear evidence supporting the allegations in her husband's petition. As a
non-answering defendant in a divorce case, she was entitled to have the court observe the rules
that otherwise govern legal proceedings, which would include giving sufficient notice of the
hearing at which the court would hear evidence regarding the divorce and the division of the
community estate. See Bostwick, 11 S.W. at 180.
      Moreover, I would hold that Peggy was entitled to a jury trial on any fact question related to
either the divorce or property division based on her jury demand. The court did not strike her jury
demand when it struck her pleading. Even though she stood in the position of a non-answering
defendant, she was entitled to rely on her jury demand to gain a jury trial. See id.
      For the reasons stated I would sustain the first three points, reverse the judgment, and remand
the entire cause for trial.
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice

Concurring opinion delivered and filed July 31, 1995
Publish