**Michael Adam RAUSCHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–01–01134–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 25, 2002.

Matt Hennessy, DeGuerin & Dickson, Houston, for Appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and RADACK.

## OPINION ON REHEARING

PER CURIAM.

Appellant pleaded guilty to possession of marihuana after the trial court denied his motion to suppress. Appellant entered into a plea bargain agreement with the State in which the State moved to reduce the charge to a state jail felony and recommended that punishment be assessed at 12 months in state jail. The trial court followed the terms of the plea agreement in assessing punishment. Appellant filed a general notice of appeal. We dismissed the appeal for lack of jurisdiction in an opinion that issued on January 24, 2002. Appellant filed a motion for rehearing, a motion for leave to file amended notice of appeal, and an amended notice of appeal. The amended notice states that the subject of the appeal was raised by written motion and ruled on before trial. The State filed a response.

The motion for rehearing is **granted.** We **order withdrawn** our opinion of January 24, 2002, and issue the following in its place.

■ In a plea-bargained felony case, the notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure in order to properly invoke an appellate court's jurisdiction. *White v. State*, 61 S.W.3d 424, 429 (Tex.Crim.App. 2001); *Robinson v. State*, 24 S.W.3d 438, 438–39 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Those requirements are that the notice of appeal:

    (A) specify that the appeal is for a jurisdictional defect;

    (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

    (C) state that the trial court granted permission to appeal.

Tex.R.App. P. 25.2(b)(3).

■ Omitting the formal portions, appellant's notice of appeal that was filed on the sentencing date stated:

COMES NOW MICHAEL RAUSCHER, Defendant, by and through his attorney of record, . . ., respectfully gives notice of his intent to appeal this court's judgment and sentence entered on the 26th day of October, 2001.

No other notice of appeal is included in the record, and appellant does not assert that any additional notice of appeal was filed within 30 days following his sentencing.[1] Therefore, appellant's notice of appeal failed to properly invoke this Court's jurisdiction.

In his motion for rehearing, appellant relies on Rule 25.2(d) of the Rules of Appellate Procedure and argues that, because

---

1. Because no motion for new trial was filed, appellant's notice of appeal was due within 30 days after the date of sentencing. *See* Tex.R.App. P. 26.2(a).

briefs have not yet been filed, he may amend his notice of appeal. Rule 25.2(d) provides:

> An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

TEX.R.APP. P. 25.2(d).

The Court of Criminal Appeals clarified the meaning of this rule in *State v. Riewe,* in which it held:

> It is true that Rule 25.2(d) allows an amendment to a notice of appeal. But when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. [Footnote omitted.] And our caselaw prevents a court of appeals from using an appellate rule to create jurisdiction where none exists. [Footnote omitted.] *It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.* [Footnote omitted.] Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court. [Footnote omitted.] *So any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.*
>
> In the instant case, the State filed its motion to amend notice of appeal and its amended notice of appeal after it had filed its appellate brief. At that point, the court of appeals had no jurisdiction over the case. Its dismissal of the appeal for want of jurisdiction was proper.

13 S.W.3d 408, 413–14 (Tex.Crim.App. 2000) (emphasis added).

▆▆▆▆ Appellant seeks to make a jurisdictional amendment to his notice of appeal by adding, "that the substance of the appeal was raised by written motion and ruled on before trial," using Rule 25.2(d). We are prohibited from doing this by *Riewe.* If the time for filing a proper notice of appeal has expired, an appellant may not file an amended notice of appeal to correct jurisdictional defects. *Bradley v. State,* 45 S.W.3d 303, 304 (Tex.App.-Houston [1st Dist.] 2001, pet. filed); *see also Johnson v. State,* 32 S.W.3d 444, 445 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. *Robinson,* 24 S.W.3d at 439.

In his motion for rehearing, appellant seizes on the language in *Riewe* that "the State filed its motion to amend notice of appeal and its amended notice of appeal after it had filed its appellate brief," and that "[a]t that point, the court of appeals had no jurisdiction over the case." Appellant urges that we narrowly interpret *Riewe* to hold that until an appellant's brief has been filed, Rule 25.2(d) permits the filing of an amended notice of appeal to correct jurisdictional defects. He points out that Judge Womack opined in his concurrence, "I believe that if the State had filed the amended notice of appeal before it filed its brief, as Rule of Appellate Procedure 25.2(d) requires, the appeal would have been proper." *Id.,* at 414 (Womack, J., concurring).

We do not agree with appellant's interpretation. The court's holding in *Riewe* did not turn on the fact that the amended notice of appeal was filed after the brief. The central holding was that "once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction." *Id.,* at 413. The point at which jurisdiction was lost was *not* the filing of the appellant's brief. Jurisdiction was lost when the time for filing a proper notice of appeal expired because it is the notice of appeal that either does or does not properly confer jurisdiction on an appellate court. After that point, the appellate court could not utilize any rule, including Rule 25.2(d), to regain jurisdiction. *Riewe,* 13 S.W.3d at 413.

Appellant's argument that an amended notice of appeal was timely if filed before the brief was rejected in *Lowry v. State,* 48 S.W.3d 309, 311–12 (Tex.App.-San Antonio 2001, pet. filed). The Dallas Court of Appeals stated in *Brown v. State,* 53 S.W.3d 734, 738 (Tex.App.-Dallas 2001, pet. ref'd):

> [W]e hold that a party may amend its notice of appeal under rule 25.2(d) to successfully invoke an appellate court's jurisdiction as long as the amendment occurs within the time to file a notice of appeal under rule 26.2.

In *Martinez v. State,* 50 S.W.3d 572, 575–76 (Tex.App.-Fort Worth 2001, pet. ref'd), the court held that the appellant's attempt to file an amended notice of appeal complying with Rule 25.2(b)(3) 190 days after judgment was of no effect on the basis of *Riewe.* The court wrote, "Because appellant's original notice did not initially confer jurisdiction on this court, we now have no power to accept an amended notice to obtain jurisdiction retroactively." *Id.,* at 576; *see also Mitich v. State,* 47 S.W.3d 137, 140 (Tex.App.-Corpus Christi 2001, no pet.); *Lopez v. State,* 60 S.W.3d 268, 269 (Tex.

App.-Texarkana 2001, no pet.); *Lawson v. State,* 46 S.W.3d 434, 436 (Tex.App.-Waco 2001, no pet.); *Whitt v. State,* 45 S.W.3d 274, 275 (Tex.App.-Austin 2001, no pet.); *Betz v. State,* 36 S.W.3d 227, 229 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Appellant cites us to no caselaw in support of his interpretation of *Riewe.*

Because the time for filing a proper notice of appeal has expired, appellant may not file an amended notice to correct jurisdictional defects. The motion for leave to file amended notice of appeal is **denied.**

Accordingly, we dismiss the appeal for lack of jurisdiction.