In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00219-CR


______________________________




RONNIE DOUGLAS HUBBERT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 12,189




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N



 Ronnie Douglas Hubbert appeals his conviction for possession of cocaine in an
amount greater than or equal to one gram, but less than four grams. Hubbert pled guilty
as part of a plea agreement. The trial court sentenced him to four years' imprisonment.

 Hubbert's attorney has filed an appellate brief in which he concludes that, after a
review of the record and the related law, the appeal is frivolous and without merit. He has
evaluated the record and has found no error that arguably supports an appeal. The brief
thus meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Hubbert did not file a response pro se.

 In his Anders brief, Hubbert's attorney raises the arguable issue that the trial court
erred in overruling Hubbert's motion to dismiss based on the State's failure to comply with
the Interstate Agreement on Detainers. We conclude that, regardless of the merit of this
issue, we do not have jurisdiction to consider it.

 If an appeal is from a judgment rendered on the defendant's plea of guilty under
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002), and the punishment assessed
did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the appellant's notice of appeal must specify: 1) that the appeal concerns a
jurisdictional defect; 2) that the substance of the appeal was raised by written motion and
ruled on before trial; or 3) that the trial court granted the appellant permission to appeal. 
Tex. R. App. P. 25.2(b)(3). A notice of appeal that does not conform to Rule 25.2(b)(3)
deprives this Court of jurisdiction over the appeal. Woods v. State, 68 S.W.3d 667, 669
(Tex. Crim. App. 2002).

 The trial court sentenced Hubbert November 13, 2001. Hubbert filed a notice of
appeal December 3, 2001, in which he asserted his appeal was "brought with the
permission of the trial court." Hubbert then filed an amended notice of appeal
December 17, 2001, in which he asserted his appeal also involved issues raised by a
written motion and ruled on before trial. 

 With respect to Hubbert's December 17 notice of appeal, it is ineffective to confer
jurisdiction on this Court to consider issues not specified in his December 3 notice of
appeal. In State v. Riewe, 13 S.W.3d 408, 412-14 (Tex. Crim. App. 2000), the Texas
Court of Criminal Appeals held an amended notice of appeal by the state, under Tex. R.
App. P. 25.2(d), could not confer jurisdiction on a court of appeals where the state's original
notice of appeal did not contain the certifications required by Article 44.01(a)(5) of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. 2002). This Court has construed Riewe as applying to an amended notice
of appeal filed by an appellant after the time for perfecting an appeal under Tex. R. App. P.
26.2 has passed. Lopez v. State, 60 S.W.3d 268, 269 (Tex. App.-Texarkana 2001, no
pet.); see also Rauscher v. State, No. 01-01-01134-CR, 2002 Tex. App. LEXIS 2905, at
*2-3 (Tex. App.-Houston [1st Dist.] Apr. 25, 2002, no pet. h.); Brown v. State, 53 S.W.3d
734, 738 (Tex. App.-Dallas 2001, pet. ref'd); Martinez v. State, 50 S.W.3d 572, 575-76
(Tex. App.-Fort Worth 2001, pet. ref'd); Mitich v. State, 47 S.W.3d 137, 140 (Tex.
App.-Corpus Christi 2001, no pet.); Sipple v. State, 36 S.W.3d 592, 594 (Tex. App.-Waco
2000, no pet.); Betz v. State, 36 S.W.3d 227, 229 (Tex. App.-Houston [14th Dist.] 2001,
no pet.).

 In the present case, the trial court sentenced Hubbert November 13, 2001, meaning
his notice of appeal had to be filed within thirty days, or December 13, 2001. See Tex. R.
App. P. 26.2(a)(1). Hubbert did not file a motion for new trial, which would have extended
the timetable to ninety days. See Tex. R. App. P. 26.2(a)(2). His amended notice of
appeal was filed December 17, 2001, four days after the time for perfecting his appeal had
run. There is nothing in the record showing compliance with the mailbox rule making the
amended notice of appeal timely. See Tex. R. App. P. 9.2(b). In fact, the certificate of
service recites that counsel for the State was served with the amended notice of appeal
December 17, 2001, the same day it was filed. Therefore, Hubbert's December 17 notice
of appeal could not confer jurisdiction on this Court to consider the trial court's ruling on his
pretrial motion.

 Concerning Hubbert's December 3 notice of appeal, there is nothing in the record
showing the trial court granted permission to appeal. In Sherman v. State, 12 S.W.3d 489,
492 (Tex. App.-Dallas 1999, no pet.), the appellant filed a notice of appeal indicating the
trial court gave permission for the appeal. However, the record failed to substantiate the
appellant's claim. Id. The court of appeals held compliance with both the form and
substance of Rule 25.2 is required in order to properly invoke its jurisdiction. Id.; see also
Betz, 36 S.W.3d at 229 (notice of appeal complying in form with Rule 25.2 did not invoke
jurisdiction of court of appeals because record showed there was no pretrial motion to
suppress and trial court did not grant permission to appeal).

 The record here shows no order from the trial court stating it granted Hubbert
permission to appeal. In fact, the judgment contains the following notation: "Notice of
Appeal: Waived." At the plea proceeding, the trial court informed Hubbert of his right to
appeal, Hubbert gave an oral notice of appeal, and the trial court appointed an attorney for
him on appeal. However, Hubbert did not request permission to appeal, and the trial court
did not give its permission for the appeal. (1) 

 Notwithstanding the deficiencies in Hubbert's December 3 notice of appeal and his
December 17 amended notice of appeal, courts have held the overall record may
demonstrate substantial compliance with the requirements of Rule 25.2(b)(3). In Riley v.
State, 825 S.W.2d 699, 701 (Tex. Crim. App. 1992), the appellant filed a general notice of
appeal, but the record also contained an order from the trial court granting the appellant
permission to appeal and stating that a suppression motion was raised before trial. Id. 
The Texas Court of Criminal Appeals held the trial court's order, combined with the timely
filed notice of appeal, was sufficient to confer jurisdiction on the court of appeals to
consider nonjurisdictional defects recited in the order. Id.; see also Marbut v. State, 58
S.W.3d 241, 242 (Tex. App.-Waco 2001, no pet.); Salinas v. State, 9 S.W.3d 338, 338-39
(Tex. App.-San Antonio 1999, no pet.); Nite v. State, 882 S.W.2d 587, 589-90 (Tex.
App.-Houston [1st Dist.] 1994, no pet.).

 Courts since Riley have also examined whether substantial compliance exists when
the trial court does not issue a separate order, but the record nevertheless indicates that
the court gave the appellant permission to appeal or that the appellant intended to appeal
a pretrial ruling. See James v. State, 72 S.W.2d 35, 38-39 (Tex. App.-Texarkana 2001,
pet. filed) (substantial compliance found where docket sheet and plea agreement
contained notations evidencing appellant's desire to appeal ruling on motion to suppress,
and trial court stated on the record that appellant was pleading guilty conditioned on
retaining his right to appeal); Finch v. State, 66 S.W.3d 323, 326 (Tex. App.-Fort Worth
2001, no pet.) (substantial compliance found where defendant's reservation of right to
appeal pretrial rulings appeared in several places in the clerk's record, e.g., written plea
admonishments, plea agreement, trial court's certificate of proceedings, and judgment);
Johnson v. State, 47 S.W.3d 701, 704 (Tex. App.-Houston [14th Dist.] 2001, pet. granted)
(substantial compliance found where judgment and docket sheet both contained notations
indicating defendant was appealing trial court's ruling on motion to suppress); Miller v.
State, 11 S.W.3d 345, 347 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd) (substantial
compliance to appeal motion to suppress found from handwritten notation on general
notice of appeal signed by trial judge, entry on trial court's docket sheets, and trial judge's
statements on the record); Gomes v. State, 9 S.W.3d 170, 171-72 (Tex. App.-Houston
[14th Dist.] 1999, no pet.) (substantial compliance to appeal motion to suppress found from
handwritten notation on general notice of appeal signed by trial judge, entry on trial court's
docket sheets, and a notation on the judgment); Glenn v. State, 991 S.W.2d 285, 288 (Tex.
App.-Houston [1st Dist.] 1997, no pet.), overruled on other grounds, State v. Riewe, 13
S.W.3d 408 (Tex. Crim. App. 2000) (substantial compliance not found where record
contained only unsigned docket sheet entry noting appellant's notice of appeal pertaining
to his pretrial "motion to reveal confidential informant").

 In the present case, there is nothing in the record indicating Hubbert's desire to
appeal the trial court's ruling on his pretrial motion. The docket sheet contains the
following entry: "Def. retains right to appeal." However, this notation does not show
Hubbert intended to appeal the trial court's pretrial ruling. Therefore, he cannot
demonstrate substantial compliance with the requirements of Rule 25.2(b)(3). We have
no jurisdiction to consider counsel's arguable issue on appeal even if it were meritorious.


 We have also conducted our own review of the record and discern no arguable
issues for appeal. We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: June 3, 2002

Date Decided: June 26, 2002


Do Not Publish


1. We express no opinion regarding whether the trial court's oral permission,
unaccompanied by any other written order or other notation in the record, is sufficient to
invoke our jurisdiction. See Miller v. State, 11 S.W.3d 345, 347 (Tex. App.-Houston [14th
Dist.] 1999, pet. ref'd) (trial court granted appellant oral permission to appeal ruling on
motion to suppress and record contained notations to that effect on appellant's general
notice of appeal signed by trial judge and on trial court's docket sheet); Happ v. State, 958
S.W.2d 474, 474-75 (Tex. App.-Fort Worth 1997, no pet.) (oral permission to appeal not
effective if unaccompanied by written order).